DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Innovated Property Management, appeals from the judgment of the Summit County Court of Common Pleas denying its motion for summary judgment. Appellee/Cross-Appellant, Joann Hawkins, asserts that she is appealing from the judgment of the Summit County Court of Common Pleas denying her motion for default judgment.[1] For the reasons discussed below, this Court dismisses for lack of a final appealable order.
 I. {¶ 2} Appellee/Cross-Appellant, Joann Hawkins ("Appellee") was a tenant in an apartment operated by her landlord, Appellant/Cross-Appellee ("Appellant"), Innovated Property Management. Appellee fell in an unlit staircase at the apartment complex and sustained injuries. On September 4, 2002, she filed a negligence action against Appellant in the Summit County Court of Common Pleas. Appellee dismissed the action without prejudice on May 19, 2003. On May 22, 2004, Appellee refiled her action. Appellant did not respond to the complaint within the allotted twenty-eight days. On August 6, 2004, Appellee filed a motion for default judgment against Appellant. The trial court granted Appellee's motion for default judgment on August 12, 2004 and set a hearing on damages. On August 13, 2004, Appellant filed an answer and motion for leave to file answer instanter. The trial court issued a sua sponte order on August 27, 2004 in which it vacated its order granting default judgment, granted Appellant's motion for leave to file its answer instanter and deemed the answer filed as of the date the motion for leave was filed.
 {¶ 3} The court entered an order on March 28, 2005 in which it referred the parties to arbitration. On April 11, 2005, Appellant filed a motion to vacate the court's order referring the case to arbitration and for leave to file a motion for summary judgment. Appellee filed a memorandum in opposition to Appellant's motion to vacate and Appellant in turn filed a reply brief in support of its motion. On April 22, 2005, the trial court denied both Appellant's motion for relief and his motion for summary judgment. The parties proceeded to arbitration on April 28, 2005. On May 3, 2005, the arbitration panel filed its report and award in which it found that Appellee was entitled to damages in the amount of three thousand six hundred dollars ($3,600.00) plus costs. On June 20, 2005, the trial court entered an order in which it stated:
"The Court finds that this matter was referred to arbitration and that on the 3rd day of May, 2005, the Report and Award of the Arbitrators was filed. The prescribed Appeal time of Thirty (30) days having passed and no appeal having been filed, it is the order of this Court that the Report and Award of the Arbitrators shall become the judgment order of this Court in this matter."
Both parties have filed timely notices of appeal from this order, each raising one assignment of error for our review.
 II. APPELLANT'S ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT HELD THAT [APPELLEE'S] NOTICE OF DISMISSAL, FILED UNDER CIV. R. 41(A), WAS NOT IMMEDIATELY EFFECTIVE UPON FILING."
 APPELLEE'S ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING A DEFAULT JUDGMENT AND ALLOWING THE FILING OF AN UNTIMELY ANSWER WHEN NO APPEARANCE AND NO CIV. R. 6(B) MOTION SETTING FORTH EXCUSABLE NEGLECT HAD BEEN FILED BEFORE THE MOTION FOR DEFAULT HAD BEEN GRANTED."
 {¶ 4} In her assignment of error, Appellee contends that the trial court abused its discretion in vacating its order granting default judgment against Appellant and allowing Appellant to file an untimely answer. In its assignment of error, Appellant claims that the trial court erred when it denied its motion for summary judgment, finding that Appellee's refiled complaint was timely. Both parties are appealing from the trial court's June 20, 2005 order in which the court adopted the report and award of the arbitrators. For the reasons discussed below, we dismiss for lack of a final appealable order.
 {¶ 5} An order is a "final order" subject to appeal under R.C. 2505.02(B), when it may be reviewed, affirmed, modified, or reversed, with or without retrial, when it affects a substantial right in an action that in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1). In determining whether a judgment is final, this Court considers the following:
"The matters should be disposed of `such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.' Daly v.Martin (May 14, 1997), 9th Dist. No. 2599-M, quoting Lavelle v.Cox (Mar. 15, 1991), 11th Dist. No. 90-T-4396 (Ford, J, concurring). See, also, In re Zakov (1995),107 Ohio App.3d 716, 717 (stating that the trial court `must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry')." (Alterations sic) Bergin v. Berezansky,
9th Dist. No. 21451, 2003-Ohio-4266, at ¶ 5.
Further, as this Court has explained, "[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 215.
 {¶ 6} Here, the language of the trial court's June 20, 2005 judgment entry does not constitute a final appealable order. The entry merely states that "the Report and Award of the Arbitrators shall become the judgment of this Court in this matter." This language does not provide that judgment is awarded in favor of one party and against another. See Calhoun v. Drain, 8th Dist. No. 84442, 2004-Ohio-6412, at ¶ 6 (finding that judgment order was not a final appealable order where the trial court held: "[a]s parties agreed to binding arbitration the report and award of arbitrators stands", because the entry did not set forth judgment in favor of one party and against the other). In addition, the parties cannot determine their rights and obligations from this judgment entry and must instead, refer to the arbitration panel's report and award. Without a clear statement of the rights and obligations of the parties, the order does not constitute a final judgment and this Court is without jurisdiction to hear the appeal.
 {¶ 7} Therefore, the parties' appeals are dismissed because the language of the June 20, 2005 entry does not create a final appealable order.
Appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J. Boyle, J. concur
[1] A review of the record reflects that there is no order denying Appellee's motion for default judgment. We presume that Appellee is referring to the trial court's August 27, 2004 order in which it vacated its order granting default judgment in favor of Appellee.