DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant-Appellant Raymond A. Testa has appealed from the decision of the Lorain County Court of Common Pleas that found he had not shown good cause why the judgment liens against him should not be revived in favor of Plaintiff-Appellee State of Ohio Bureau of Workers Compensation ("BWC"). This Court dismisses the appeal.
 I {¶ 2} On March 26, 1991, BWC filed a certificate of judgment in the amount of $18,927.10 against Appellant in the Lorain County Court of Common Pleas. On March 28, 2001, BWC filed a renewal of that judgment with the Lorain County Court of Common Pleas in the amount of $33,747.04. On October 4, 2001 Appellant filed a motion for relief from judgment or order with demand to vacate the liens pursuant to Civ.R. 60(B). On October 17, 2001, BWC filed a motion to revive the dormant judgment.
 {¶ 3} On November 8, 2001, Appellant filed an amended motion for relief from judgment or order with demand to vacate the liens. On November 26, 2001, BWC replied to Appellant's amended motion. On February 23, 2005, the trial court denied both Appellant's motion for relief from judgment and his amended motion for relief from judgment.
 {¶ 4} That same day, the trial court issued a conditional order reviving the judgment against Appellant unless Appellant submitted to the court an answer showing cause why the judgment should not be revived. On March 24, 2005 Appellant filed his answer showing cause why the judgment should not be revived. On March 28, 2005, the trial court found that Appellant had not demonstrated good cause why the judgment liens should not be revived against him.
 {¶ 5} Appellant has timely appealed from the March 28, 2005 journal entry, asserting three assignments of error. The assignments of error have been consolidated for the ease of analysis.
 II Assignment of Error Number One
"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN FAILING TO GRANT A HEARING AND TAKE EVIDENCE TO DISCREDIT OR VERIFY FACTS BEFORE OVERRULING DEFENDANT-APPELLANT'S O.R.C.P. RULE 60 MOTION AND AMENDED MOTION FOR RELIEF FROM JUDGMENT OR ORDER WITH DEMAND TO VACATE JUDGMENT LIENS."
 Assignment of Error Number Two
"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN FAILING TO GRANT A HEARING AND TAKE EVIDENCE TO DISCREDIT OR VERIFY FACTS REGARDING DEFENDANT-APPELLANT'S ANSWER WITH AFFIDAVIT SHOWING CAUSE WHY PLAINTIFF-APPELLEE'S MOTION TO REVIVE JUDGMENT SHOULD BE OVERRULED."
 Assignment of Error Number Three
"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN DEPRIVING DEFENDANT-APPELLANT OF HIS CONSTITUTIONAL RIGHT OF DUE PROCESS OF LAW BY FAILING TO AFFORD DEFENDANT-APPELLANT A PROPER HEARING ON THE MERITS AND GRANTING APPELLEE JUDGMENTS ON PURPORTED JUDGMENT LIENS THAT WERE NOT GRANTED BY COURT ORDER."
 {¶ 6} In his assignments of error, Appellant has argued that the trial court erred in denying his motions for relief from judgment, in granting Appellee's motion to revive the judgment liens against him and by doing so without granting Appellant an evidentiary hearing.
 {¶ 7} This Court has jurisdiction to review and affirm, modify, or reverse the judgment or final order of a trial court. App.R. 12(A)(1)(a); R.C. 2505.02. When determining whether a judgment is final, this Court considers whether the matter below was "disposed of such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." (Quotations and citations omitted). Hawkins v. Innovated Property Mgt., 9th Dist. No. 22802, 2006-Ohio-394, at ¶ 5.
 {¶ 8} Moreover, this Court has held "`[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties.'" Id., quoting Harkaiv. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 215. See also Bankers Trust Co. v. Orchard (Mar. 8, 2000), 9th Dist. No. 19528, at 2 (stating the "determination must be explicitly contained in the judgment").
 {¶ 9} A judgment should contain all the information necessary to understand its effect. Id. at 3. This Court has stated:
"If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." (Citation omitted) Id.
 {¶ 10} According to his Notice of Appeal, Appellant has specifically appealed from what he deemed the "final judgment" entered on March 28, 2005. In our determination, the language of the trial court's March 28, 2005 journal entry does not constitute a final appealable order. The March 28, 2005 journal entry merely finds that Appellant "has not succeeded in showing good cause why the judgment liens against him should not be revived in favor of [BWC]. Case closed. costs [sic] to [Appellant]." This language does not explicitly state that the judgment is awarded in favor of one party and against another.Hawkins at ¶ 6. Given a plain reading of the court's March 28, 2005 journal entry, it appears from the face of the document that the court did not actually revive the judgment liens in favor of BWC or grant BWC's motion. Instead, the court simply found that Appellant had not shown good cause why the liens should not be revived.
 {¶ 11} Further, the parties cannot determine their rights and obligations from the March 28, 2005 journal entry without reference to the Conditional Order of Revivor dated February 23, 2005. When read together, one can infer that since Appellant had not shown good cause, the court was reviving the judgment against him in the amount of $26,566.89. However, as noted above, a final appealable order is one which does not require review of other documents or journal entries in order to fully understand the parties' rights and obligations. Hawkins at ¶ 5.
 {¶ 12} Additionally, "[w]hen a judgment includes a monetary award, it should articulate the amount of the award[.]" BankersTrust Co. at 3. The March 28, 2005 journal entry does not articulate the amount of the liens. One must reference the Conditional Order of Revivor in order to determine the amount of the judgment lien against Appellant.
 {¶ 13} Without a clear statement of the rights and obligations of the parties, an order does not constitute a final appealable order and this court lacks jurisdiction over the matter. See Hawkins at ¶ 6. Accordingly, Appellant's appeal is dismissed because the language of the March 28, 2005 order is insufficient to create a final appealable order.
 III {¶ 14} The instant appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Carr, J., concur