DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Plaintiff-Appellant Vivian Landis has appealed from the judgment of the Wayne County Court of Common Pleas which granted Defendant-Appellees Associated Materials, Inc. et al.'s motion to enforce settlement agreement. This Court dismisses the appeal.
 I {¶ 2} The present action originated as an appeal from an Industrial Commission order which disallowed several of Plaintiff-Appellant Vivian Landis' alleged conditions within her workers compensation claim for injuries sustained in the course of her employment with Defendant-Appellee Associated Materials, Inc. ("Employer").
 {¶ 3} Prior to trial, on September 13, 2005, the parties reached a settlement. On September 14, 2005, counsel for Appellant notified the trial court by letter that the matter had been settled. On September 20, 2005, Employer's counsel provided Appellant with two settlement documents: (1) a standard Bureau of Worker's Compensation ("BWC") agreement, and (2) a general release and resignation agreement covering all potential claims of Appellant against Employer. Appellant signed and returned the BWC agreement but refused to sign the general release.
 {¶ 4} On October 28, 2005, Employer filed a motion to enforce settlement agreement and for sanctions. The trial court scheduled a hearing on the motion for December 14, 2005. On December 12, 2005, Appellant filed a brief in opposition to Employer's motion to enforce settlement. On December 14, 2005, Employer filed a reply to Appellant's brief in opposition. On December 15, 2005, the trial court entered an order which granted Employer's motion to enforce settlement agreement, declared the matter settled and dismissed with prejudice.
 {¶ 5} On December 29, 2005, Appellant filed a motion to reconsider the order of December 15, 2005. On January 4, 2006, the trial court overruled Appellant's motion for reconsideration.
 {¶ 6} Appellant has timely appealed and has asserted two assignments of error, which have been consolidated to facilitate our review.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN GRANTING APPELLEEE-MPLOYER'S MOTION TO ENFORCE SETTLEMENT AGREEMENT WHEN A FULLY EXECUTED WRITTEN SETTLEMENT DID NOT EXIST."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN GRANTING APPELLEEE-MPLOYER'S MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR THE REASON THAT APPELLANTE-MPLOYEE HAS THE RIGHT TO WITHDRAW FROM A SETTLEMENT AGREEMENT WITH A SELF-INSURED EMPLOYER WITHIN THIRTY DAYS PURSUANT TO R.C. 4123.56."
 {¶ 7} In her assignments of error, Appellant has argued that the trial court erred in granting Employer's motion to enforce the settlement agreement. Specifically, Appellant has argued that no fully executed, written settlement agreement existed and has further argued that even if a settlement agreement existed, under Ohio law, an employee has a right to withdraw from a settlement agreement with a self-insured employer.
 {¶ 8} This Court has jurisdiction to review and affirm, modify, or reverse the judgment or final order of a trial court. App .R. 12(A)(1)(a); R.C. 2505.02. When determining whether a judgment is final, this Court considers whether the matter below was "disposed of such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." (Quotations and citations omitted). Hawkins v. Innovated Property Mgt., 9th Dist. No. 22802, 2006-Ohio-394, at ¶ 5. See also Bergin v. Berezansky,
9th Dist. No. 21451, 2003-Ohio-4266, at ¶ 5, citing In re Zakov
(1995), 107 Ohio App.3d 716, 717 (stating that the trial court "must sufficiently address [the] issues so that the parties may know of their rights and obligations by referring only to that document known as the judgment entry").
 {¶ 9} Moreover, this Court has held "`[o]ne fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties.'" Hawkins at ¶ 5, quoting Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215. See also Bankers Trust Co. v. Orchard (Mar. 8, 2000), 9th Dist. No. 19528, at *1 (stating the "determination must be explicitly contained in the judgment").
 {¶ 10} A judgment should contain all the information necessary to understand its effect. Id. This Court has stated:
"If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." (Citation omitted). Id.
 {¶ 11} In the present case, the order appealed from simply states that "Plaintiff's motion to enforce is hereby granted, and the case is hereby settled and dismissed with prejudice." Under the facts of this case, we cannot conclude that such an indefinite statement by the trial court notifies the parties, or subsequent courts, of the parties' rights and obligations.
 {¶ 12} In the instant matter, all facts indicate that Employer sent Appellant two separate documents to sign in connection with their verbal agreement to settle: a standardized BWC settlement form and a general release covering all potential claims by Appellant against employer and Appellant's resignation. According to Appellant, she signed and returned the standardized BWC form, a fact that is not contested by Employer. Appellant refused to sign the general release and resignation.
 {¶ 13} The trial court order of December 15, 2005 is indefinite in its direction to the parties. By simply deeming the case "settled" the trial court created uncertainty as to just what it was enforcing. It is unclear from reading solely the court order whether the court is enforcing the BWC settlement agreement, the general release and resignation agreement, or both. It is unknown from the trial court's order whether the general release and resignation agreement was part of the BWC settlement agreement or was an ancillary agreement. While such a determination might be possible after reviewing the record, "a final appealable order is one which does not require review of other documents or journal entries in order to fully understand the parties' rights and obligations." Ohio Bur. of Workers'Comp. v. Testa, 9th Dist. No. 05CA008708, 2006-Ohio-2179, at ¶ 11, citing Hawkins at ¶ 5.
 {¶ 14} Further, the trial court's order does not provide specific direction to the parties. By stating that "Plaintiff's motion to enforce is hereby granted, and the case is hereby settled and dismissed with prejudice[,]" the trial court gave no instructions as to whether the parties were required to sign the BWC settlement agreement, the general release and resignation agreement, or both. In light of the fact that Appellant has asserted that she already signed the BWC settlement agreement, the trial court's lack of direction regarding the parties' rights and obligations only serves to obfuscate the issue.
 {¶ 15} In Testa, supra, we held that "[w]ithout a clear statement of the rights and obligations of the parties, an order does not constitute a final appealable order and this court lacks jurisdiction over the matter." Id. at ¶ 13, citing Hawkins at ¶ 6. We reach the same conclusion in the present appeal. Accordingly, Appellant's appeal is dismissed because, under the specific facts of this case, the language of the December 15, 2005 order is insufficient to create a final appealable order.
 III {¶ 16} The instant appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Carr, J. Concur.