DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Realty One, Inc. ("Realty One")[1], appeals from three trial court orders entered on July 12, 2006. This court dismisses the appeal. *Page 2 
 I. {¶ 2} Appellees were tenants at Williamsburg Court Apartments ("Williamsburg Court"). Appellees filed suit against Realty One, as well as First Realty Property Management, Ltd. ("First Realty") and Sam's Investments, Inc. ("Sam's") seeking damages resulting from conditions at Williamsburg Court. Realty One was the property management company hired by the property owner, Sam's, prior to October 1, 1997. After October 1, 1997, Sam's hired First Realty to be the property management company for Williamsburg Court.
 {¶ 3} During discovery, counsel for appellees served interrogatories and requests for production of documents directed to Realty One requesting the following information:
 (1) the names, addresses, and telephone numbers of all individuals (accountants or otherwise) that prepared tax returns and/or financial statements, audited or unaudited, for appellant for the calendar years 2001 through 2005;
 (2) all of appellant's state and local tax returns for calendar years 2001 through 2005, with all schedules and amendments thereto;
 (3) all of appellant's audited and unaudited financial statements, including, but not limited to, financial statements prepared in connection with loan application, for calendar years 2001 through 2005; and
 (4) all of appellant's loan applications for which financial statements were prepared, for calendar years 2001 through 2005. *Page 3 
 {¶ 4} On May 1, 2006, appellant filed a motion for protective order as to its financial information. In its motion, appellant argued that permitting the disclosure of the information sought by appellees would be unduly prejudicial to appellant prior to a finding of punitive damages because Edward Heben, counsel for appellees, represents and has represented competitors of appellant. Also on May 1, 2006, appellant filed a motion to bifurcate the punitive damages issue.[2]
 {¶ 5} A hearing on various outstanding motions, including the motion to bifurcate and the motion for protective order was held on July 7, 2006. On July 12, 2006, the trial court issued an order which purported to deny appellant's motion for protective order and a separate order purporting to compel appellant to produce its financial statements and information to counsel for appellees. In its order attempting to compel appellant to produce, the trial court noted that the parties agreed to enter into a confidentiality agreement regarding their documents. However, a review the transcript of the hearing reveals that while initially the parties were amenable to preparing a joint entry, appellant, through its counsel, made it clear that it was not in agreement with the entry prepared by counsel for appellees. In addition, on July 12, 2006, the trial court issued an order denying appellant's motion to bifurcate. *Page 4 
 {¶ 6} Appellant filed a notice of appeal with this Court regarding the three orders issued by the trial court on July 12, 2006, setting forth three assignments of error. For the reasons set forth below, this Court does not reach the merits of appellant's arguments.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT REALTY ONE, INC.'S MOTION TO BIFURCATE [THE] PUNITIVE DAMAGE ISSUE FROM THE JURY TRIAL BASED UPON R.C. 2315.21(B)(1), AS ENACTED BY S[.]B[.] 80."
 {¶ 7} In its first assignment of error, appellant argues that the trial court erred in denying its motion to bifurcate the punitive damage issue from the jury trial.
 {¶ 8} An appeal from an order that is not final is not properly before this Court. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211, 219.
 {¶ 9} R.C. 2505.02 defines final orders in Ohio and states, in relevant part:
 "Final order
 "(A) As used in this section:
 "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect. *Page 5 
 "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action[.]"
 {¶ 10} The trial court's decision that the issues of liability and punitive damages should be tried together did not affect any of appellant's substantial *Page 6 
rights which determined the action, or prevented a judgment, nor was it an order that affected a substantial right in a special proceeding.
 {¶ 11} The trial court's determination did not involve a special proceeding. Appellant filed its motion to bifurcate pursuant to Civ.R. 42(B). In general, all actions which are recognized at common law, whether they are legal or equitable, are ordinary or nonspecial proceedings. Therefore, "any action properly brought in accordance with the Civil Rules of Procedure would not constitute a special proceeding."Korodi v. Minot (Aug. 23, 1988), 10th Dist. No. 88AP-24.
 {¶ 12} This Court finds that the trial court's order denying appellant's motion to bifurcate is not a final, appealable order. See R.C. 2505.02. See, also, King v. Am. Std. Ins. Co. of Ohio, 6th Dist. No. L-06-1306, 2006-Ohio-5774, at ¶ 19. Therefore, this Court lacks jurisdiction to address appellant's first assignment of error.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN ITS ORDERS DENYING APPELLANT REALTY ONE, INC.'S MOTION FOR PROTECTIVE ORDER AND COMPELLING THE PRODUCTION OF CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION AND FINANCIAL RECORDS WITHOUT CONDUCTING AN IN CAMERA INSPECTION OF THE RECORDS BEING SOUGHT BY COUNSEL FOR PLAINTIFFS/APPELLEES." *Page 7 
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN COMPELLING APPELLANT REALTY ONE, INC. TO PRODUCE CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION AND FINANCIAL RECORDS WITHOUT SO MUCH AS THE ENTRY OF A PROTECTIVE ORDER GOVERNING THE RECORDS AND DISCOVERY SOUGHT BY COUNSEL FOR PLAINTIFFS/APPELLEES."
 {¶ 13} Appellant's second and third assignments of error address the trial court's July 12, 2006 orders denying its motion for a protective order and compelling it to produce certain business information and financial records. This Court finds that the appealability of the order denying appellant's motion for protective order is dependent upon whether the order compelling appellant to produce certain documents is a final, appealable order. Thus, the two orders cannot be analyzed individually, and this Court will address the assignments together. Appellant contends in its second assignment of error that the trial court erred by ordering it to produce confidential and proprietary business information and financial records without restricting the discovery of such documents until a jury verdict has been returned that necessitates the computation of punitive damages. Appellant's third assignment of error is that the trial court incorrectly granted appellees' motion to compel the production of documents. Appellant avers that the documents in question are confidential, and therefore, not subject to discovery. This Court finds that the orders giving rise to these assignments of *Page 8 
error are not final appealable orders. Therefore, we lack jurisdiction to address them.
 {¶ 14} The trial court's order from which appellant appeals states, in relevant part:
 "The Court ORDERS, ADJUDGES, and DECREES that Defendants, Sam's Investment, Inc., First Realty Property Management, Ltd, and Realty One, Inc., shall respond to Interrogatory No. 1 and Request for Production No. 1(a) propounded to said Defendants on April 13, 2006 and produce the documents and information as described in Ex. 1. Parties agree to enter into a confidentiality agreement regarding their documents."
 {¶ 15} We find that the trial court's July 12, 2006 entry from which appellant filed a notice of appeal does not constitute a final order. The trial court, in its July 12, 2006 judgment entry, states that the parties agree to enter into a confidentiality agreement regarding their documents. However, as previously stated, appellant made it clear at the July 7, 2006 hearing that it was not in agreement with the entry prepared by appellees' counsel. The parties cannot determine their rights and obligations from this judgment entry. The order is not clear as to whether disclosure of the documents sought by appellee is dependent upon the parties entering into a confidentiality agreement. By remaining "indefinite in its direction to the parties[,] * * * the trial court created uncertainty as to just what it was enforcing." Landis v.Associated Materials, Inc., 9th Dist. No. 060005, 2006-Ohio-5060, at ¶ 13. Further, "[w]ithout a clear statement of the rights and obligations of the parties, an order does not constitute a final appealable *Page 9 
order and this court lacks jurisdiction over the matter." Ohio Bur. ofWorkers' Comp. v. Testa, 9th Dist. No. 05CA008708, 2006-Ohio-2179, at ¶ 13, citing Hawkins v. Innovated Property Mgt., 9th Dist. No. 22802,2006-Ohio-394, at ¶ 6. Under these circumstances, the trial court has neither issued an order containing a statement of the relief being afforded to the parties nor terminated the controversy submitted to the court for resolution. Accordingly, the July 12, 2006 judgment entry purporting to order appellant to produce certain financial information does not constitute a final, appealable order; and this Court is without jurisdiction to consider the argument on appeal.
 {¶ 16} Furthermore, the trial court's July 12, 1996 order, attempting to deny appellant's motion for protective order, appears to relate to the same documents as the order compelling appellant to produce certain documents. However, when read together with the trial court's July 12, 2006 order which purported to order appellant to produce certain information, it is unclear as to whether the trial court has determined whether the documents requested should be protected. As with the July 12, 2006 order purporting to compel the production of certain documents, the parties cannot determine their rights and obligations from this judgment entry. This Court has held that "a final appealable order is one which does not require review of other documents or journal entries in order to fully understand the parties' rights and obligations."Landis at ¶ 13, quoting Testa at ¶ 11. Therefore, this Court finds that the July 12, 2006 order attempting to deny appellant's motion *Page 10 
for protective order is not a final, appealable order. Therefore, this Court is without jurisdiction to consider the argument.
 III. {¶ 17} In sum, we hold that we lack subject matter jurisdiction to decide the merits of the assignments of error because our jurisdiction was not properly invoked. The trial court's orders dated July 12, 2006, denying appellant's motion to bifurcate, purporting to order appellant to produce certain financial information, and attempting to deny appellant's motion for protective order are not final, appealable orders. Appellant's appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 DONNA J. CARR FOR THE COURT *Page 11 
WHITMORE, P. J.
MOORE, J.
CONCUR
[1] This Court notes that while First Realty Property Management, Ltd. and Sam's Investments, Inc., were defendants in the trial court, they are not parties to the action on appeal. They did, however, obtain leave from this Court to proceed as appellees in the present appeal. In preparing their appellate brief, they chose only to address the issue of the trial court's denial of Realty One's motion to bifurcate.
[2] On April 21, 2006, First Realty and Sam's filed a motion to bifurcate plaintiffs' claims of compensatory damages and punitive damages. *Page 1