[Cite as *In re Z.L.*, 2022-Ohio-1234.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE Z.L.                                          :

A Minor Child                                       :

                                                            No. 110617
[Appeal by D.W., Father]                      :

                                                    :

                                                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART,
             AND REMANDED
**RELEASED AND JOURNALIZED:**  April 14, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA18706353

---

### *Appearances:*

Marc L. Stolarsky, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1}    Appellant, D.W. ("D.W." or "Father"), appeals from the judgment of

the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court")

that (1) denied D.W.'s motion for relief from judgment regarding child support, and

(2) denied D.W.'s motion for shared parenting with C.L. ("C.L." or "Mother").[1]  Upon

---

[1] We note that Mother's brief was stricken for noncompliance with App.R. 16(B).

a careful review of the record, we affirm the juvenile court's decision to deny shared parenting; however, we reverse the decision to deny D.W.'s motion for relief from judgment and remand the matter to the juvenile court for a recalculation of child support and a ruling on Father's outstanding motions.

**Background**

{¶ 2} Father and Mother were never married, but Z.L. was born from their relationship in July 2014. In May 2018, the Office of Child Support Services ("OCSS") filed a complaint to establish paternity of Z.L., with D.W. being the child's alleged father. On July 25, 2018, Father filed an "application to determine parenting time, and shared parenting plan." In August 2018, the juvenile court issued an order that paternity was established.

{¶ 3} On October 25, 2018, the juvenile court held a hearing on support establishment. Prior to the hearing, the parties were ordered to "bring with them * * * suitable documents * * * verifying their gross income for the years 2015 to 2017 and year to date 2018." Mother testified on direct examination to her employment and earnings at Tender Loving Home Care. When asked if "there was anything else you want the Court to know in regards to child support," Mother responded, "I don't think so." On cross-examination, Mother confirmed that she was currently in the military and that she receives funds from the military. However, when asked how much she receives from the military, her response was "I don't know if she has the documents." Mother indicated that "[o]ne of the papers is for the amount that they pay me while I'm in school." Mother denied receiving any other funds. When the

court asked Mother if there was anything else that relates to child support, Mother did not disclose any other income. When Father's counsel indicated to the court that Mother possibly had received a re-signing bonus with the military, the juvenile court responded that "discovery should have been completed before today if that was a concern." When asked if counsel had any evidence of the bonus, counsel responded, "Not at the moment."

{¶ 4} The magistrate's decision issued on November 30, 2018, ordered Father to pay child support in the sum of $586.06 per month plus a 2 percent fee to OCSS. Other obligations were also imposed. The magistrate determined that Father earned $57,888.11 annually and has provided some care or support for the child in the past, and that Mother earned $12,463 annually, was a junior in college, and had one other child from another relationship for whom she received no support.

{¶ 5} On December 12, 2018, Father filed an objection to the magistrate's decision in which he claimed that "Mother's income should be higher as she has significant experience as being in the military and she also had received a significant bonus for renewing her service in the military." Father further challenged the calculation of his income by the juvenile court. In February 2019, the juvenile court issued judgment entries that adopted the magistrate's decision and overruled Father's objection. No appeal was taken.

{¶ 6} In the meantime, on January 17, 2019, Father filed a motion to compel the United States Defense Finance and Accounting Service ("DFAS") to respond to a subpoena. On February 8, 2019, the trial court dismissed this motion,

finding that the support matter had been resolved and there were no other support matters pending.

{¶ 7} Thereafter, Mother was served with discovery requests. She objected to answering questions regarding her employment history and income, including any bonuses received, and she objected to providing other personal information and documentation, claiming irrelevance to the issue of visitation with Z.L. Father filed a motion to compel response to discovery requests and a motion for sanctions.

{¶ 8} During the proceedings, pretrial orders were issued providing Father with parenting time. Father continued to challenge the figures used to determine child support.

{¶ 9} On June 24, 2019, Father filed a motion for relief from judgment of child support pursuant to Civ.R. 60(B), a motion to order Mother to pay fees and costs incurred, and a motion to reimburse Father for the overpayment of child support. In his motion, Father argued that Mother's testimony was not truthful and that the documentation he recently received from the United States Army National Guard reflected that Mother had earned income that she failed to disclose and that her actual income was higher than she represented at the October 2018 hearing. Father claimed that the documents, which were attached to his motion, reflected that "in 2018 [Mother] has earned $7,262.97 with deductions of $1,862.49, and in 2019 she has earned $1,949.10 with deductions of $534.96 as of May 31, 2019."

{¶ 10} In opposing Father's motion, Mother argued that Father never appealed the trial court's ruling that overruled his objection to the magistrate's

decision on child support. In response, Father stated that the income documents from the Army National Guard were not available until they were received on June 12, 2019, and the delay was due to the time it took to receive a response from DFAS to the subpoena.

{¶ 11} On April 26, 2021, the guardian ad litem for the child issued a report and recommendation. The GAL recommended that Mother be designated as the legal custodian and residential parent of the minor child and that Father be given liberal access and a visitation plan.

{¶ 12} Following a hearing held on May 3, 2021, the juvenile court issued a judgment entry on May 20, 2021, that denied Father's motion for relief from judgment and denied his motion for shared parenting. A review of the transcript reflects that Mother testified she received income from being in the military reserves, she makes "about $250 a drill," and she received a bonus that she did not disclose at the October 2018 hearing. Mother also acknowledged that she refused to provide answers to interrogatories and documents relating to this information. In denying the motion for relief from judgment, the juvenile court observed as follows:

> Father * * * had an opportunity to object to the Magistrate's Decision on the issue of child support and an opportunity to appeal the Court's ruling. The Parties had the opportunity to present evidence at the [October 2018] hearing before the Magistrate as to the income of the Parties and to cross examine the witnesses regarding said income. Further, Father had an opportunity at [the] hearing to enter into evidence documentation regarding said income. A missed opportunity does not give rise to relief pursuant to [Civ.R. 60(B)], nor can the court find that a fraud upon the Court occurred. * * * The Motion for Relief from Judgment is denied. The current order of child support remains in full force and effect.

{¶ 13} In denying the motion for shared parenting, the juvenile court made numerous findings consistent with the record, including among others that

1. The parties were never married * * *.

6. Mother is currently going to school and is a military reserve specialist. Mother is expecting a promotion which would result in an increase in her reserve pay * * *.

7. Mother, as a military reservist, has trainings periodically and leaves the minor child from five (5) days to one month with relatives when she is called upon for said training.

9. Father lived in Ohio when he and Mother were in a relationship, however he moved to Texas and has resided in Texas for the majority, if not all, of the minor child's life and intends to remain in Texas.

12. Father is employed as a consultant, full time and works until 7:00 p.m. central time.

14. Father has had some visitation with the minor child and telephone contact; however, Mother has cancelled in-person visits, not permitted in-person visits[,] and telephone contact is difficult due to the hour difference in the time zones and Father's work schedule.

15. Father has not contacted Mother in advance of his visits to Ohio in a timely manner and therefore Mother testified that she has not had sufficient notice to accommodate his visitation requests.

16. Mother has issues with Father's mother, Paternal Grandmother, that [have] resulted in her seeking protective orders, however, Mother's request for same was not granted by the Court.

17. Law enforcement has been called by both Mother and Father regarding visitations and relationship issues between Mother, Father and Father's family. The parties do not communicate well and do not cooperate well with each other. * * *

18. Father would like visitation with the minor child for summer and extended holiday time in Texas.

19. The minor child has previously visited Father in Texas with Paternal Grandmother flying with the child to Texas.

22. Father is in arrears in his child support.

25. The Guardian Ad Litem testified that the Mother and Father's residences are appropriate for the minor child and she has no issues of concern regarding the homes of either Party.

26. The Guardian Ad Litem testified that the minor child has a good relationship with both parents and enjoys spending time with both parents. Further, that both parents are appropriate with the minor child and able to provide for her needs and that the minor child should spend time with both parents.

27. The Guardian Ad Litem testified that although she sees the Parties capable of working a Shared Parenting Plan, that due to their lack of communication and animosity toward each other that it is unlikely that they would be able to do same. Therefore, her recommendation is for Father to have visitation with the minor child pursuant to the Court's long distance standard order of visitation and that order is in the minor child's best interests.

{¶ 14} The juvenile court also indicated that it had considered the factors pursuant to R.C. 3109.04 and concluded that "a Shared Parenting Plan is not in the best interest of the minor child." Instead, the court determined that "it is in the minor child's best interest to have a visitation schedule with Father, [D.W.]." The juvenile court proceeded to grant father visitation pursuant to the court's long-distance standard order and set forth other terms of its order.

{¶ 15} Father timely filed this appeal.

**Law and Analysis**

{¶ 16} Father raises three assignments of error for our review. Under his first assignment of error, Father claims the juvenile court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B).

{¶ 17} Civ.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 18} "To prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 18, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). "All three elements must be met for a Civ.R. 60(B) motion to be granted." *State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 2019-Ohio-1962, 131 N.E.3d 16, ¶ 7, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 19} We review the juvenile court's decision on a Civ.R. 60(B) motion under an abuse-of-discretion standard. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996). "An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." *Id.*, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995).

{¶ 20} In this case, Father moved for relief from judgment pursuant to Civ.R. 60(B)(2) on the grounds of newly discovered evidence and Civ.R. 60(B)(5) for any other reason justifying relief. Father's motion was filed within a year of the juvenile court's judgment overruling his objection and adopting the magistrate's decision establishing child support. Also, the motion was filed shortly after Father received documents from the DFAS in response to his subpoena.

{¶ 21} Father maintains that the information as to Mother's income is newly discovered because it was not available until after the 14-day time limit to object to the magistrate's decision. He claims that Mother did not reveal information as to her military income. Father also states that it was impossible for him to determine Mother's correct income until the DFAS responded to his subpoena. Father argues the newly discovered evidence should be used to determine the appropriate amount of child support.

{¶ 22} The juvenile court found the parties had the opportunity to present evidence and to cross-examine the witnesses regarding their income. However, a review of the transcript reflects that Mother was cross-examined about her military income, but she failed to disclose her income. Also, the parties were ordered to bring suitable documents verifying their gross income to the October 2018 hearing, but Mother indicated, "I don't know if she has the documents" regarding her military income. Mother testified that she received funds while in school, but she denied receiving any other funds. Because Mother failed to reveal information about her income from the military at the October 2018 hearing, Father had to issue a

subpoena to DFAS to obtain this information. Additionally, Mother refused to provide responses to subsequent discovery requests for the information.

{¶ 23} It appears from our review of the record that Father was unable to obtain information regarding Mother's military income in the exercise of due diligence within the prescribed time limit. Father established a meritorious defense, grounds for relief under Civ.R. 60(B)(2), and the timeliness of his motion.

{¶ 24} Father also claims that Civ.R. 60(B)(5)'s catchall provision should apply because he was not able to present Mother's income because she refused to respond to the discovery requests. "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983), citing Staff Note to Civ. R. 60(B). Additionally, Civ.R. 60(B)(5)'s catchall provision should not be used as a substitute for any of the more specific grounds for relief under Civ.R. 60(B). *Id.*, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). Because we have already determined that relief was warranted under Civ.R. 60(B)(2), the catchall provision does not apply.

{¶ 25} Under the particular circumstances of this case, we find that the juvenile court abused its discretion in denying Father's motion for relief from judgment and we remand the matter for the juvenile court to recalculate the amount of child support retroactive to the February 8, 2019 order of the juvenile court. The

juvenile court also must rule on Father's related motions for fees and costs and for reimbursement for overpayment of child support. The first assignment of error is sustained.

{¶ 26} Under his second assignment of error, Father claims the juvenile court erred in denying his motion for shared parenting. He argues that the court's finding that the parties lacked positive communication was a result of C.L.'s misconduct, and that the juvenile court abused its discretion by rewarding C.L.'s behavior, ignoring the diagnostic report, and relying on the report of the guardian ad litem.

{¶ 27} We review a trial court's decision to grant or deny a motion for shared parenting for an abuse of discretion. *Ayers v. Ayers*, 6th Dist. Wood No. WD-21-010, 2022-Ohio-403, ¶ 7, citing *King v. King*, 6th Dist. Wood No. WD-20-087, 2021-Ohio-2970, ¶ 34. When allocating parental rights and responsibilities, the trial court must consider the best interest of the child pursuant to R.C. 3109.04(B)(1), and in doing so must consider all relevant factors under R.C. 3109.04(F). *Id*. at ¶ 10, citing *Torres Friedenberg v. Friedenberg*, 161 Ohio St.3d 98, 2020-Ohio-3345, 161 N.E.3d 546, ¶ 28. Although a trial court is required to "consider" the R.C. 3109.04(F) factors, it is not required to make specific findings for each factor in its judgment entry. *In re E.O.T.*, 8th Dist. Cuyahoga No. 107328, 2019-Ohio-352, ¶ 45, citing *Chelman v. Chelman*, 2d Dist. Greene No. 2007 CA 79, 2008-Ohio-4634, ¶ 37-38; *Giovanini v. Bailey*, 9th Dist. Summit Nos. 28631 and 29676, 2018-Ohio-369, ¶ 13.

The court retains broad discretion in making a best-interest determination. *In re E.O.T.* at ¶ 39.

{¶ 28} The record in this case reflects that the trial court considered all relevant factors, including but not limited to the factors of R.C. 3109.04(F)(1) and (F)(2). Although Father argues certain factors were not acknowledged by the juvenile court and disagrees with the juvenile court's reasoning, the weight assigned to each factor lies within the trial court's sole discretion. *See Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 24. The juvenile court set forth a number of findings, stated it had considered the factors pursuant to R.C. 3109.04, and concluded that "a Shared Parenting Plan is not in the best interest of the minor child."

{¶ 29} There is no question that both Mother and Father are committed to Z.L. and have a good relationship with Z.L. Although there are many factors that are considered, the record reflects numerous factors that simply do not favor an award of shared parenting in this case, including but not limited to the parties' difficulties with communicating and cooperating with each other, the geographic proximity of the parents to each other, and the recommendation of the guardian ad litem. Upon the record before us, we cannot find that the trial court abused its discretion in awarding legal custody to Mother and denying Father's motion for shared parenting. We also recognize that the visitation schedule is reasonable and allows Father to spend substantial, meaningful time with Z.L. The second assignment of error is overruled.

{¶ 30} Under his third assignment of error, Father claims the trial court erred in not addressing his two motions to compel discovery filed against Mother. Because we are reversing the trial court's decision on the motion for relief from judgment, upon remand, the juvenile court also shall rule on Father's motions to compel discovery from Mother.

{¶ 31} Judgment affirmed in part, reversed in part; case remanded.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
JAMES A. BROGAN, J.,* CONCUR

*(Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)