[Cite as *In re Z.L.*, 2024-Ohio-2913.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE Z.L. | : | |
| | | No. 113547 |
| A Minor Child | : | |
| | | |
| [Appeal by D.W., Father] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 1, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-18706353

### *Appearances:*

Marc L. Stolarsky Law LLC, and Marc L. Stolarsky, *for appellant*.

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Hannah Christ, Supervising Attorney, and Bryce Schlenker and Martin Shin, Legal Interns, *for appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant, D.W. ("Father"), appeals from the juvenile court's judgment vacating a settlement agreement previously

entered into with plaintiff-appellee, C.L. ("Mother."). Father raises the following assignments of error for review:

> 1. The trial court erred in vacating the parties binding settlement agreement without holding an evidentiary hearing pursuant to Ohio Civil Rule 60(B), an evidentiary hearing must be held if there is any dispute concerning the terms of the settlement.

> 2. The trial court's erroneous judgment to vacate the parties' settlement agreement without stating in the order the grounds upon which the judgment was made violates O.R.C. 2505.02(C) by asserting a declaratory judgment which adversely impacts the mandatory speedy relief standard of the rule.

> 3. The trial court erred in vacating the parties' settlement agreement without either party filing a motion for such a judgment clearly violating Ohio Civil Rule 41(B) and 7(B), because there was no justiciable means to make such a ruling and it was done without notice.

{¶ 2} After careful review of the record and relevant case law, we dismiss this appeal for lack of a final, appealable order.

## I. Procedural and Factual History

{¶ 3} Father and Mother are the parents of the minor child, Z.L., born July 30, 2014. Following the establishment of Father's paternity in 2018, the parties engaged in extensive litigation regarding the issues of custody, parenting time, and support. *See In re Z.L.*, 2022-Ohio-1234, ¶ 2-14 (8th Dist.).

{¶ 4} Ultimately, the parties entered into a handwritten agreement, dated December 13, 2022, to resolve the issue of child support. The agreement, which was signed by Mother and Father, states as follows:

> The two parties agree that [Father] pays [Mother] $225 every two weeks. [Mother] agrees to dismiss all motions as to child support. [Mother] agrees to $0 all child support arrearages owed to [Mother].

**{¶ 5}** On December 14, 2022, the agreement was adopted by the juvenile court and incorporated into a journal entry. All other pending motions were dismissed.

**{¶ 6}** On May 2, 2023, the Office of Child Support Services ("OCSS") filed a motion titled "Notice of Inability to Comply and Request for Hearing." In pertinent part, OCSS advised the juvenile court that it was unable to "administer or otherwise enforce" the court's adoption of the parties' agreement. OCSS explained its position as follows:

> The reason for this inability results from the fact that the Agreed Judgment Entry executed by the parties and adopted by the court as currently ordered does not comply with the requirements set forth by R.C. 3119. There is no child support computation worksheet attached to [the] journal entry and no designation of factors for deviation from the child support computation worksheet. In addition, the judgment entry is ambiguous as to whether the agreed payment of $225.00 every two weeks includes the agency's processing fee. Lastly, the judgment entry failed to address health insurance for the child and cash medical support. Efforts were made by counsel for OCSS to facilitate an amended agreement; however, no resolution was reached.

**{¶ 7}** On December 5, 2023, the juvenile court issued a journal entry vacating the December 14, 2022 journal entry in its entirety. The juvenile court further ordered the parties to appear before a magistrate to address the concerns raised by OCSS.

**{¶ 8}** Father now appeals from the trial court's judgment.

## II. Law and Analysis

### A. Final, Appealable Order

{¶ 9} Before considering the merits of the assigned errors, we must first consider whether we have jurisdiction to hear this appeal. On April 17, 2024, this court ordered the parties to brief the issue of "whether the judgment of the trial court, that vacated a purported settlement agreement between the parties, constitutes a final appealable order under R.C. 2505.02." The parties filed corresponding briefs on April 30, 2024, and May 6, 2024.

{¶ 10} The jurisdiction of an appellate court to review a trial court's decision is limited to final appealable orders. *Rae-Ann Suburban, Inc. v. Wolfe*, 2019-Ohio-1451, ¶ 9 (8th Dist.), citing Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02 and 2505.03. "'"If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed."'" *Id.*, quoting *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 2017-Ohio-7174, ¶ 7 (8th Dist.), quoting *Assn. of Cleveland Firefighters, #93 v. Campbell*, 2005-Ohio-1841, ¶ 6 (8th Dist.). A reviewing court must examine, sua sponte, potential deficiencies in jurisdiction. *Id.*

{¶ 11} A final appealable order exists only when it meets "'the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) . . . .'" *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 15 (8th Dist.), quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, ¶ 5 (2002).

{¶ 12} R.C. 2505.02(B) sets forth several types of final, appealable orders. The statute provides, in relevant part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial[.]

{¶ 13} Relying on the foregoing provisions, Father argues the trial court's December 5, 2023 judgment constitutes a final "appealable order under Ohio Revised Code Section 2505.02." Father contends that by vacating the judgment previously entered on December 14, 2022, the trial court arbitrarily affected his substantial rights by extinguishing the terms of the binding settlement agreement.

{¶ 14} Mother counters that this court is without jurisdiction to hear this appeal because "the judgment entry does not comply with the statutory requirements of R.C. 2502.02, and no language in the order certifies it as final under Civ.R. 54(B)." Specifically, Mother contends that the December 5, 2023 judgment entry (1) "does not determine an action or prevent a judgment"; (2) does not prevent either party from obtaining appropriate relief "following the trial court's issuance of a proper final child support order"; and (3) did not vacate a final, appealable order. Upon review, we agree with Mother's interpretation of R.C. 2502.02 and its application to the procedural posture of this case.

{¶ 15} Under both R.C. 2505.02(B)(1) and (2), a final order is one that must "affect a substantial right." A "substantial right" is "a right that the United States

Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Generally, "[d]ecisions involving the care and custody of a child implicate substantial rights of the natural parents." *Moir v. Denkewalter*, 2015-Ohio-3171, ¶ 8 (9th Dist.), citing *State ex rel. V.K.B. v. Smith*, 2013-Ohio-5477, ¶ 16. Thus, there is no dispute that the trial court's December 5, 2023 judgment relates to the parties' substantial rights. With that stated, however, we must resolve whether the court's judgment affected the parties' substantial rights as contemplated under the statute.

{¶ 16} "An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future." *Cooney v. Radostitz*, 2021-Ohio-2521, ¶ 23 (8th Dist.), citing *Crown Servs. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409, ¶ 16 ("An order affects a substantial right 'only if an immediate appeal is necessary to protect the right effectively.'"), quoting *Wilhelm-Kissinger v. Kissinger*, 2011-Ohio-2317, ¶ 7, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). "It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order." *In re Estate of Tewksbury*, 2005-Ohio-7107, ¶ 10 (4th Dist.).

{¶ 17} After careful consideration, we find the trial court's judgment did not affect a substantial right. Although the order related to Father's child-support obligations, the issue of child support has not been fully resolved and the parties will have the opportunity to seek appropriate relief, if necessary, in the future. Contrary

to the legal precedent cited by Father on appeal, this case does not involve the denial of a motion for modification of support that would prevent the retroactive benefit of a potential reduction in support. *C.L.A. v. D.P.M.*, 2024-Ohio-836 (8th Dist.). Rather, as discussed further below, the juvenile court has yet to enter a final child-support order and the parties will not be precluded from presenting legal challenges to the terms of the support order or the implications of the handwritten agreement signed in December 2022, once a final order is entered. The matter of child support is currently pending before a magistrate below, and Father has not demonstrated the necessity of an immediate appeal from the juvenile court's latest judgment. Accordingly, we find the juvenile court's judgment did not constitute a final, appealable order under R.C. 2505.02(B)(1) or (B)(2). *See also Radostitz*, 2021-Ohio-2521, at ¶ 24 (8th Dist.) (A court's "judgment that leaves issues unresolved and contemplates further action is not a final, appealable order.").

{¶ 18} We are equally unpersuaded by Father's reliance on R.C. 2505.02(B)(3). Father correctly states that a trial court's order vacating a prior judgment is ordinarily considered a final, appealable order. However, Ohio courts have consistently recognized that a judgment vacating a prior judgment is not a final, appealable order *if the vacated judgment did not constitute a final order itself*. *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 78 (1985). *See also Wolford v. Newark City School Dist. Bd. of Edn.*, 73 Ohio App.3d 218, 220 (5th Dist.) ("We conclude that because the judgment vacated was itself not a final, appealable order, the judgment vacating the partial incomplete judgment is not a

final appealable order."); *Baumeister Family Trust v. Jackson Properties, Ltd.*, 2001 Ohio App. LEXIS 4787 (6th Dist. Oct. 18, 2001); *Poronczuk v. Stockman*, 1996 Ohio App. LEXIS 592, *4-5 (6th Dist. Feb. 20, 1996).

{¶ 19} With respect to the finality of the December 14, 2022 judgment, we recognize that, as a general proposition, the use of settlement agreements is encouraged under Ohio law because they are a means by which the parties can resolve their differences without further litigation. Thus, subject to the discretion of the court, parties are ordinarily permitted to enter into settlement agreements to resolve the issue of child support. *DePalmo v. DePalmo*, 78 Ohio St.3d 535, 540 (1997). However, child support consists of more than just the amount of support to be paid periodically and contemplates other factors, including health insurance, childcare expenses, and cash medical support. *See* R.C. 3119.02 and 3119.30.

{¶ 20} Relatedly, Ohio courts have held that "an order that fails to fully determine the rights and obligations [of the parties] in an unambiguous manner is not a final, appealable order." *Lathan v. Andrews*, 2015-Ohio-1249, ¶ 6 (9th Dist.), citing *Edwards v. Vito Gironda Constr. Co.*, 2008-Ohio-5974, ¶ 11-12 (9th Dist.); *Landis v. Associated Materials, Inc.*, 2006-Ohio-5060, ¶ 7-15 (9th Dist.). *See also Udelson v. Udelson*, 2009-Ohio-6462, ¶ 14 (8th Dist.). In this case, the trial court's December 14, 2022 journal entry incorporated a brief, handwritten agreement that failed to contemplate or otherwise resolve all rights and obligations of Father and Mother. As noted by OCSS, the parties' agreement failed to address certain aspects

of a child-support order that are necessary to prevent future litigation and adequately protect the best interests of the child.

{¶ 21} At this time, it is premature to assess whether the trial court's decision to vacate the handwritten agreement in its entirety constituted an appropriate exercise of the court's continuing jurisdiction. *See Hardesty v. Hardesty*, 16 Ohio App.3d 56, 58, (10th Dist. 1984); *Singer v. Dickinson*, 63 Ohio St.3d 408, 413 (1992) ("It has long been recognized in Ohio that a [juvenile] court retains continuing jurisdiction over its orders concerning the custody, care, and support of children . . . ."). This issue will be subject to further review in the future depending on the terms of the final order and whether the court deviates from the terms that were resolved by the settlement agreement. Nevertheless, we find the settlement agreement incorporated into the December 14, 2022 judgment failed to determine the rights and obligations of the parties in an unambiguous manner, and therefore, was not a final order. As such, the court's decision to vacate this previous order does not constitute a final, appealable order under R.C. 2505.02(B)(3).

{¶ 22} Based on the foregoing, we find the juvenile court's December 5, 2023 entry is not a final appealable order. Thus, we lack jurisdiction to consider the merits of Fathers' assignments of error. The appeal is dismissed.

It is ordered that the appellant and appellee share the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR